IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA HASTIE,  )
)   2:06-cv-1143-GEB-KJM
)
    Plaintiff,  )
)
    v.  )   ORDER[*]
)
CITY OF SUSANVILLE and CHRIS  )
GALLAGHER,  )
)
    Defendants.  )
_____ )

      Defendants move to strike Plaintiff's Complaint under California's "Anti-SLAPP"[1] statute, arguing that the Complaint concerns Defendants' exercise of free speech on a matter of public concern.  Plaintiff counters that Defendants' Anti-SLAPP motion is untimely, and therefore should be denied.  (Pl.'s Opp'n at 3:12-21.)

///

///

---

[*] This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] "SLAPP" stands for Strategic Lawsuit Against Public Participation.

1

DISCUSSION

Under California's Anti-SLAPP statute, Defendants are authorized to move to have a claim stricken that arises "from any act of [Defendants] in furtherance of [Defendants'] right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." Cal. Code Civ. Proc. § 425.16(f). Anti-SLAPP motions must be filed within sixty days of service of the complaint. Id. If filed after sixty days, the motion may only be heard in the discretion of the court. Id.; see Olsen v. Harbison, 134 Cal. App. 4th 278, 287 (2005) (noting that the sixty-day filing deadline is intended to "require presentation and resolution of the [A]nti-SLAPP claim at the outset of the litigation before the parties have undertaken the expenses of litigation that begin to accrue after the pleading stage of the lawsuit").

Defendants ask that their Anti-SLAPP motion be allowed even though it was filed fourteen months after the service of the Complaint. Defendants assert that Plaintiff initially agreed to explore settlement options, but then failed to respond to Defendants' request for a settlement demand for several months. (Defs.' Reply at 2:7-13.) But this explanation fails to sufficiently explain Defendants' fourteen-month delay in filing their motion. Defendants also argue that "it was not clear until [they took] Plaintiff's deposition [that all] claims in the Complaint were subject to [their motion]." (Id. at 3:13-14.) However, even after taking Plaintiff's deposition on April 10, 2007, Defendants did not file their motion until July 5, 2007, well more than sixty days after Plaintiff's deposition was taken(Decl. Deschler, Exh. C).

2

Since Defendants have not shown sufficient justification for their untimely Anti-SLAPP motion, the motion is denied.

## ATTORNEY's FEES

The Anti-SLAPP statute permits an award of attorney's fees and costs to a prevailing plaintiff "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay . . ." Cal. Code Civ. Proc. § 425.16(c). Plaintiff has not shown that Defendants' motion was frivolous or solely intended to cause delay. Therefore, Plaintiff is not entitled to recover attorney's fees and costs incurred while litigating this motion.

## CONCLUSION

For the reasons stated, Defendants' Anti-SLAPP motion is denied.

IT IS SO ORDERED.

Dated: December 18, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge